Ronald D. Corey and Esther Corey v. Commissioner.
Corey v. Commissioner
Docket No. 59788.
United States Tax Court
T.C. Memo 1957-87; 1957 Tax Ct. Memo LEXIS 163; 16 T.C.M. (CCH) 372; T.C.M. (RIA) 57087; May 28, 1957
*163 The Commissioner has determined a deficiency of $11,895.95 against petitioners, representing their liability as transferees of the assets of the Cortland County LP Gas Corporation of McGraw, New York. Held, on the facts which have been stipulated, petitioners are liable as transferees for the full amount of the deficiency which has been determined by the Commissioner, plus interest as provided by law. Section 311, Internal Revenue Code of 1939. Martin F. Kendrick, Esq., for the petitioners. James E. Markham, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: The Commissioner has determined a deficiency against petitioners, as transferees of the Cortland County LP Gas Corporation, in the amount of $11,895.95. The Commissioner, in his deficiency notice, among other things, *164 said: "The above mentioned amount represents your liability as transferees of the assets of the Cortland County L. P. Gas Corporation of McGraw, New York for deficiency in income tax due from that Corporation for year beginning January 1, 1950 and ending April 30, 1950. "See Section 311 of the 1939 Internal Revenue Code." Petitioners assigned error as to this determination of the Commissioner. [Findings of Fact] This proceeding came on for hearing in Buffalo, New York, on April 30, 1957, and both parties appeared by counsel and announced ready for trial. Whereupon, a stipulation of facts was filed which, omitting formal parts, is as follows: 1. The Cortland County LP Gas Corporation was a New York corporation which had its principal place of business at 22 Main Street, McGraw, New York. 2. The corporation filed an income tax return for the taxable period commencing January 1, 1950 and ending April 30, 1950. 3. On April 1, 1950, the corporation sold all of its assets to Suburban Propane Gas Company, and immediately thereafter liquidated and distributed all of its property to its stockholders without consideration and thereafter remained without assets. 4. At the *165 time the corporation was liquidated petitioners owned all of its capital stock. However, Clifton and Louise Kimberley of McGraw, New York, were the equitable owners of 50% of said capital stock and said Clifford and Louise Kimberley were entitled to and did receive 50% of the net assets of said corporation upon its dissolution. 5. The property of the corporation distributed to the petitioners at the time of liquidation had a net value of $36,037.40. 6. The respondent assessed against the corporation an additional tax of $11,895.95 in November 1954, for the taxable period January 1 to April 30, 1950. 7. Of the additional tax assessed against the corporation for the taxable period commencing January 1, 1950 and ending April 30, 1950, none has been paid. After the stipulation of facts had been filed, respondent moved for judgment on the facts which had been stipulated. Petitioners did not oppose the motion. Whereupon, the Court announced that inasmuch as the petitioners did not expressly admit transferee liability in the stipulation, the Court would examine the facts which had been stipulated and would then render such judgment as was deemed proper under the pleadings and the *166 facts as stipulated. [Opinion] The Court has examined the pleadings and finds that the Commissioner has determined a deficiency of $11,895.95 against petitioners as transferees of the assets of the Cortland County LP Gas Corporation of McGraw, New York. Petitioners, in the petition which they filed October 3, 1955, disputed liability as transferees. An examination of the facts as stipulated discloses that the corporate transferor, at the time of its liquidation, distributed to the petitioners property which had a value of $36,037.40. The facts which are stipulated also disclose that this distribution was without consideration and thereafter the corporation remained without assets. The facts further disclose that the deficiency of $11,895.95 which the Commissioner determined against the corporation for the taxable period January 1, 1950 to April 30, 1950, remains unpaid. On these facts we find that petitioners are liable as transferees of the transferor for the full amount of the deficiency, plus interest as provided by law. Section 311, Internal Revenue Code of 1939. Decision will be entered for the respondent.